# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TROY D. BARTLEY v. BRENDA JONES, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6767   Joe H. Walker, III, Judge**

---

**No.  W2014-01464-CCA-R3-HC  - Filed March 31, 2015**

---

The Petitioner, Troy D. Bartley, appeals the Circuit Court for Lauderdale County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Troy D. Bartley, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On January 25, 2011, the Petitioner pleaded guilty to multiple offenses in four separate indictments in Sullivan County.  In case number S57,639, the Petitioner pleaded guilty to two counts of aggravated assault, which were merged by the trial court, and received a three-year sentence.  In case number S58,333, the Petitioner pleaded guilty to delivery of cocaine within 1,000 feet of a school zone and possession of less than .5 grams of cocaine with the intent to sell or deliver within 1,000 feet of a school zone.  The possession conviction was merged with the delivery conviction, and the Petitioner was sentenced to eight years.  In case number S58,374, the Petitioner pleaded guilty to attempted first degree

murder, retaliation for past actions, and two counts of aggravated assault. The aggravated assault convictions were merged with the retaliation conviction, and the Petitioner received concurrent sentences of fifteen years and four years, respectively. The trial court ordered that the effective sentences for each case be served consecutively for a total effective sentence of twenty-six years.

The Petitioner subsequently sought post-conviction relief, arguing that he received ineffective assistance of counsel and that he entered involuntarily and unknowing guilty pleas. The post-conviction court denied relief, and this court affirmed the post-conviction court's judgment on appeal. See Troy Douglas Bartley v. State, No. E2012-01881-CCA-R3-PC, 2013 Tenn. Crim. App. LEXIS 830, at *1 (Tenn. Crim. App. Sept. 27, 2013).

On July 2, 2014, the Petitioner filed a petition for writ of habeas corpus. He contended that his four-year sentence for retaliation for past actions is illegal because it exceeds the maximum punishment for a Class E felony with a Range I release eligibility. On July 8, 2014, the trial court entered an order dismissing the petition.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also Tenn. Code Ann. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotation marks omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment

is void or that the confinement is illegal. <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. <u>See Hickman</u>, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner contends that his four-year sentence for retaliation for past actions is outside the range of punishment for a Class E felony with a Range I release eligibility and is, therefore, illegal. He appears to also assert that the illegality of the sentence for his conviction for retaliation for past actions renders the judgments on all of his convictions void. "[A] knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." <u>Hicks v. State</u>, 945 S.W.2d 706, 709 (Tenn. 1997). The determination of whether a plea bargained sentence is legal is controlled by the overall punishment range for the offense. <u>Hoover v. State</u>, 215 S.W.3d 776, 781 (Tenn. 2006). As the Tennessee Supreme Court explained in <u>Hoover</u>, "a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense." <u>Id.</u> The record reflects that the Petitioner's four-year sentence did not exceed the maximum punishment permitted for a conviction for retaliation of past actions, a Class E felony which carries a range of one to six years. <u>See</u> Tenn. Code Ann. §§ 39-16-501, 40-35-111(b)(5). When the Petitioner pleaded guilty, he waived any irregularity concerning his offender classification or release eligibility. Therefore, we conclude that the Petitioner's sentence is not illegal and that there is nothing on the face of the record to otherwise indicate that the judgments are void.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE